**Douglas LIPPERT, Plaintiff,**

v.

**Karen PENFOLD; Clifton Wright; and Indiana Department of Correction, Commissioner Gordon Faulkner, Defendants.**

**No. S 84–147.**

United States District Court,
D. Indiana,
South Bend Division.

Oct. 12, 1984.

Douglas Lippert, pro se.

Joseph M. Kalady, Legal Asst., Michigan City, Ind., for plaintiff.

William Patrick Glynn, III, Deputy Atty. Gen., Indianapolis, Ind., for defendants.

## MEMORANDUM AND ORDER

ALLEN SHARP, Chief Judge.

This case is presently before this court on defendants' motion to dismiss or in the alternative summary judgment which this court ordered converted to a summary judgment on May 10, 1984, including a *Lewis v. Faulkner* order to the plaintiff. The parties having fully briefed the issues, this case is now ripe for ruling.

■ The plaintiff is an inmate at the Indiana State Prison and has filed a 42 U.S.C. § 1983 claim alleging an intentional deprivation of a liberty interest by the denial of due process and coerced self-incrimination. The defendants deny plaintiff was deprived of due process or coerced into making certain statements. Plaintiff alleges that the defendants violated his constitutional right to due process during a Conduct Adjust Board (CAB) hearing when he was advised that he could not have a particular lay advocate represent him. The conduct in question before the CAB was plaintiff's prior escape as an inmate at the Summit Farm Work Release Center. Upon his return from escape, plaintiff was sent to the Indiana State Prison for security reasons but his assignment remained at the Summit Farm Work Release Center. The uncontroverted facts show that at the time of the CAB hearing plaintiff remained an inmate assigned to the Summit Farm Work Release Center.

The procedural due process requirements involving CAB hearings was clearly established in *Wolff v. McDonnell*, 418 U.S. 539, 94 S.Ct. 2963, 41 L.Ed.2d 935, wherein the Supreme Court stated:

In sum, there must be mutual accommodation between institutional needs and objectives and the provisions of the Constitution that are of general application. Two of the procedures that the court held should be extended to parolees facing revocation proceedings are not, but must be, provided to prisoners in the Nebraska complex if the minimum requirements of procedural due process are to be satisfied. There are advance written notice of the claimed violation and a written statement of the fact finders as to the evidence relied upon and the reasons for the disciplinary action taken.

Nowhere in plaintiff's complaint or claims does he allege that the requirements hereinabove stated were denied to him. Although the Supreme Court has held that not all constitutional rights are forfeited upon lawful incarceration, nonetheless, a prison disciplinary proceeding has never been equated to a criminal trial:

Prison disciplinary proceedings are not a part of a criminal prosecution, and the full panoply of rights due a defendant in such proceedings does not apply. Cf. *Morrissey v. Brewer*, 408 U.S. [471] at 488, 92 S.Ct. [2593] at 2603 [33 L.Ed.2d 484]. *Wolff v. McDonnell, supra.*

The plaintiff claims that since the CAB failed to allow him the lay advocate of his choice (Joseph Kalady, an inmate assigned to the Indiana State Prison at the time of the CAB hearing) that the defendants have violated his constitutional rights to due process. The Supreme Court has also addressed this issue in *Wolff v. McDonnell, supra,* stating:

Where an illiterate inmate is involved, however, or where the complexity of the issue makes it unlikely that the inmate will be able to collect and present the evidence necessary for an adequate com-

prehension of the case, he should be free to seek the aid of a fellow inmate, or if that is forbidden, to have adequate substitute aid in the form of help from the staff or from a sufficiently competent inmate designated by the staff.

In order to comply with this requirement the Department of Correction has instituted the following guidelines:

If the offender is illiterate or where the complexity of the issue makes it unlikely that the offencer will be able to collect and present the evidence necessary for an adequate comprehension of the case, or if an offender is in segretation the offender may be allowed to request advise and representation by a lay advocate. Staff may assist an offender in preparing a defense. A lay advocate need not be authorized for every offender. An offender in segregation is now allowed to serve as a lay advocate. In such cases, the CAB will provide the offender with a list of alternative choices from which the offender may select a lay advocate. (Para. 14, Offender Rights DOC *Adult Authority Disciplinary Policy*, 1980, bottom p. 15, top p. 16).

The uncontroverted fact is that plaintiff herein was informed that pursuant to DOC regulations the lay advocate must be an inmate from the same institution in order to be an authorized representative. Plaintiff had chosen an unauthorized lay advocate, in that, Mr. Kalady and the plaintiff were assigned to two different institutions. Upon being so informed the plaintiff refused to choose a lay advocate from Summit Farm Work Release Center and the CAB hearing proceeded.

The plaintiff has not alleged that the defendants failed to provide him with lay assistance or that they denied him access to or aid from a lay assistant or staff member pursuant to *Wolff v. McDonnell, supra*. The record clearly indicates that the defendants give plaintiff the opportunity to be represented by lay assistance or staff personnel. Plaintiff intelligently and knowingly denied said lay representation.

In applying the *Wolff v. McDonnell, supra*, standard, this court in *Hendrix v. Faulkner*, 525 F.Supp. 435, 447 (1981), aff'd in part, rev'd in part on other grounds, sub nom. *Wellman v. Faulkner*, 715 F.2d 269 (1983), stated:

Plaintiff Wellman secondly complains that he was denied the lay assistance of his choice at the disciplinary hearing ... (*Wolff v. McDonnell, supra,* quote above is cited) ... This does not rise to a constitutional level because the C.A.B. fully complied with the requirements of *Wolff* in regard to lay assistance.

(The Seventh Circuit in *Wellman v. Faulkner, supra,* reversed the district court only as to the issues spelled out in their decision and upheld the district court in all other issues, i.e., the right to a lay advocate of one's choosing does not rise to the claim of constitutional level.)

This court in *Lewis v. Faulkner*, 559 F.Supp. 1316, 1320 (1983) held:

It is true that the State may not generaly prohibit lay advocates from advising or assisting other inmates. *Johnson v. Avery*, 393 U.S. 483, 89 S.Ct. 747, 21 L.Ed.2d 718 (1969). Further, the states have an affirmative obligation to provide prisoners either with adequate law libraries, or persons trained in the law. *Bounds v. Smith*, 430 U.S. 817, 97 S.Ct. 1491, 52 L.Ed.2d 72 (1977); *Garza v. Miller*, 688 F.2d 480 (7th Cir.1982). Even so, inmates appearing before prison disciplinary boards have no right to counsel. *Baxter v. Palmigiano*, 425 U.S. 308, 96 S.Ct. 1551, 47 L.Ed.2d 810 (1976). Thus, while an inmate may be entitled to the assistance of a lay advocate, the fact that he does not get the lay advocate of his choice does not rise to the level of a constitutional deprivation. *Hendrix v. Faulkner*, 525 F.Supp. 435 (N.D.Ind. 1981).

This court is also fully aware of the Court of Appeals decision in *Anthony v. Wilkinson*, 637 F.2d 1130, 1144 (7th Cir. 1980), wherein the Court in addressing the issue of whether an inmate was entitled to have the lay advocate of his choosing dur-

ing a pre-transfer prison hearing pertaining to the transfer of an inmate from a state institution to a federal institution for special treatment the Court said:

> Finally, although we are reluctant to order that an attorney be appointed to aid the inmate seeking to prevent his transfer, we believe that the prisoner should be allowed to rely upon a lay advocate or other assistant of his choice in formulating and presenting his case.

However, the *Anthony v. Wilkinson, supra,* case does not apply to the factual and procedural context that this court is dealing with in this case, and therefore, is not controlling on the issue before this court.

As in the *Hendrix* case and the *Lewis* case, plaintiff here fails to show that the defendants denied him due process rights as established in *Wolff v. McDonnell.*

The plaintiff further alleges that he was coerced into making statements concerning his escape violating his right against self-incrimination. Again, plaintiff is requesting this court to apply the criminal standard against self-incrimination to a prison disciplinary hearing. However, plaintiff fails to cite any case law or statute in support of his position. Plaintiff makes no showing how the CAB proceedings violated the standard of *Wolff v. McDonnell* which applies in this situation. The plaintiff has not presented an issue which gives rise to a constitutional level claim. The claim against the prison disciplinary procedure does not state a cognizable claim under 42 U.S.C. § 1983. The prison disciplinary hearing does not give rise to the constitutional standard of self-incrimination as does a full fledged criminal trial.

Accordingly, it is the order of this court that defendants' motion to dismiss or in the alternative motion for summary judgment be, and is, hereby GRANTED. This case is now ordered DISMISSED. SO ORDERED.*

* THIS OPINION WAS AFFIRMED BY UNPUBLISHED ORDER FROM THE SEVENTH CIR-

CUIT ON SEPTEMBER 18, 1985.