David C. TATE, Appellant,

v.

Patricia MANTLE, et al., Respondents.

No. WD45689.

Missouri Court of Appeals, Western District.

June 2, 1992.

Motion for Rehearing and/or Transfer to Supreme Court Denied July 28, 1992.

Application to Transfer Denied Sept. 22, 1992.

David C. Tate, pro se.

William L. Webster, Atty. Gen., Barbara J. Wood, Asst. Atty. Gen., Jefferson City, for respondents.

Before SPINDEN, P.J., and TURNAGE and BRECKENRIDGE, JJ.

PER CURIAM.

David Tate appeals from the dismissal of his cause of action against prison officials. Tate contends that his constitutional right against self-incrimination was violated when he was disciplined for refusing to take a psychological stress evaluation (PSE), and that his due process rights were violated when he failed to receive a timely hearing after his placement into administrative segregation.

The judgment is affirmed.

On August 1, 1991, a correctional officer asked Tate to submit to a PSE to determine if he was involved in a plan to escape from the prison. He was informed that, if he refused to submit to the PSE, he would be placed in administrative segregation. Tate refused to take the PSE, and was placed in temporary administrative segregation. On August 5, 1991, Tate was charged with a conduct violation for failing to comply with an order to submit to the PSE.

On August 7, 1991, Tate was interviewed by a classification team who, after receiving evidence regarding the incident, referred the matter to the adjustment board. On August 9, 1991, the adjustment board found Tate guilty of the conduct violation. As a result, Tate received ten days of disciplinary segregation and was assigned to administrative segregation.

On November 15, 1991, Tate filed a *pro se* petition for declaratory judgment, injunctive relief, and damages, claiming that the disciplinary action violated his right against self-incrimination, and claiming that he was denied due process when prison officials failed to provide him with a timely hearing pursuant to § 217.375, RSMo Supp.1990. On its own motion, the trial court dismissed Tate's petition for failure to state grounds upon which relief could be granted.

As his first point on appeal, Tate claims that his petition presented a viable cause of action for the violation of a constitutional right, and that the trial court therefore erred in dismissing it. Tate argues that, when prison officials placed him in administrative and disciplinary segregation because of his refusal to take the PSE, they improperly punished him for exercising his right against self-incrimination.

However, Tate's petition does not present a claim of constitutional proportions. A prison disciplinary hearing does not give rise to the constitutional standard of self-incrimination as does a full-fledged criminal trial. *Lippert v. Penfold,* 618 F.Supp. 510, 513 (D.Ind.1984). To the extent that the courts have been concerned with a prisoner's right against self-incrimination in a disciplinary hearing, the protection has been essentially limited to the use of the prisoner's statements in subsequent criminal proceedings. *See, e.g., Baxter v. Palmigiano,* 425 U.S. 308, 96 S.Ct. 1551, 47 L.Ed.2d 810 (1976). In the case at bar, Tate has made no allegation that there is a criminal proceeding pending against him, nor has he alleged that he made any self-incriminating statements which might be used in any such proceeding; consequently, there is no legal basis for his claim of a constitutional violation. Tate's first point is denied. As his second point on appeal, Tate claims that the trial court erred in dismissing his petition because it presented a viable cause of action for the violation of his due process rights. Tate contends that he was denied due process because he did not receive a hearing within five days of his placement into administrative segregation, as required by § 217.375.

Tate's due process claim is without merit because he did, in fact, receive a hearing within five *working* days of his placement into administrative segregation, which is the actual deadline provided by § 217.375. The record shows that Tate was placed in administrative segregation on August 1, 1991, and that he appeared before the classification committee on August 7, 1991 to review the matter. As August 3 and 4 fell on a Saturday and a Sunday, Tate's review

with the classification committee was within the period prescribed by § 217.375.

Accordingly, the judgment of the trial court is affirmed.